## 29262. COFER v. HOPPER.

NICHOLS, Presiding Justice.

Fred Robert Cofer filed a petition for a writ of habeas corpus in which he contended that he had been convicted illegally of both motor vehicle theft and of receiving stolen property, to wit the same automobile he was convicted of stealing. In such petition he also contended that he was erroneously considered a fourth offender when, in fact, he was only a second offender and that it was error for the trial court to admit evidence of his prior criminal record during the guilt phase of the trial. The trial court remanded the prisoner to custody and the appeal is from this judgment.

1. While the brief of the appellant prisoner asserts

various violations of his constitutional rights, only those contentions enumerated above were presented in the trial court and are the only contentions properly presented to this court on review. See *Turner v. Smith,* 226 Ga. 448 (175 SE2d 653); *Snell v. Smith,* 228 Ga. 249 (184 SE2d 645).

2. The indictment on which the prisoner was tried and convicted contained three counts. The first count charged larceny of a motor vehicle with three prior convictions, the second count charged theft by receiving, and the third count charged the possession of a motor vehicle knowing that an identification number had been removed with intent to conceal and misrepresent the identity of said motor vehicle. The jury found him guilty only on Counts 1 and 3 and he was sentenced only on Counts 1 and 3. Thus, the contention that he was also convicted on Count 2 is without merit.

3. Under the decision in *Riggins v. Stynchcombe,* 231 Ga. 589 (203 SE2d 208), the admission on the guilt phase of the prisoner's trial of evidence of his prior convictions of automobile theft constituted error. However, as was held in *Riggins,* supra, this prohibition may be waived. The transcript of the prisoner's trial showed a waiver in the present case where such prior convictions were introduced without objection.

4. The third contention of the prisoner, that he was considered a fourth offender when, in fact, he was only a second offender, presents a more serious question.

In January, 1967, the prisoner entered pleas of guilty on three separate indictments charging him with larceny of motor vehicles. The sentences were entered on the same date, each was for five years with the prisoner to serve two years and the balance probated. These sentences were to be served concurrently. A single probation order on all three cases was entered by the trial court. The record thus shows that such indictments were consolidated for trial.

Code Ann. § 26-1813 dealing with motor vehicle theft and related offenses provides in part "Notwithstanding any other provisions of this chapter, whenever any person shall have been previously convicted of the theft of any motor vehicle . . . such person shall, upon the

second conviction for any such offenses be punished by imprisonment in the penitentiary for not less than five nor more than ten years, and such person shall, upon the third and any subsequent conviction for any such offenses, be punished by imprisonment in the penitentiary for not less than ten nor more than twenty years." This Code section, dealing specifically with the theft of motor vehicles and component parts, makes no reference to separate offenses charged in a multiple count indictment or to multiple indictments consolidated for trial.

Code Ann. § 27-2511 which was in effect at the time Code Ann. § 26-1813, supra, was adopted by the General Assembly, did provide for such contingency as follows: "... for the purpose of this section conviction of two or more crimes charged on separate counts of one indictment or information or in two or more indictments or informations consolidated for trial, shall be deemed to be only one conviction." When these two Code sections, both dealing with habitual criminals, are construed together, the prisoner in the present case must be considered a second offender and not a fourth offender. Accordingly, that part of the judgment of the habeas corpus court upholding the prisoner's sentence as a fourth offender must be reversed with direction that the prisoner be remanded to the trial court for resentence.

Under the Act of 1974 (Ga. L. 1974, p. 352), this resentencing should be done by the court without the intervention of a jury. Unlike the situation existing prior to the adoption of the Act of 1938 dealt with in *Winston v. State,* 186 Ga. 573 (198 SE 667, 118 ALR 719) prior to the 1974 Act the defendant was not absolutely entitled to a sentence imposed by a jury. Since 1971 anytime the jury is unable to reach a sentence determination within a reasonable time, the trial judge has been authorized to take the case from the jury and impose the sentence himself. See *Bowman v. State,* 231 Ga. 220 (200 SE2d 880).

*Judgment reversed with direction. All the Justices concur.*

SUBMITTTED OCTOBER 4, 1974 — DECIDED OCTOBER 25, 1974 — REHEARING DENIED NOVEMBER 5, 1974.

Fred Robert Cofer, *pro se.*

*Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Deputy Assistant Attorney General,* for appellee.