## 60221. FRAZIER v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for aggravated assault.
*Held:*

1. The evidence, although sharply conflicting, was sufficient so that a rational trior of fact could have found the defendant guilty beyond a reasonable doubt.

2. On the sentencing phase, the state sought to have the defendant punished under the recidivist act, Code Ann. § 27-2511. (Code § 27-2511 as amended Ga. L. 1953, Nov. Sess., pp. 289, 290 and 1974, pp. 352, 355). The state introduced three indictments, two of which were multi-count, to which the defendant pleaded guilty. Since the judgments on the three indictments were handed down on the same day the defendant relying on *Cofer v. Hopper,* 233 Ga. 155 (210 SE2d 678) argued that the cases were consolidated for trial and could not be utilized as three offenses for the purpose of sentencing the defendant as a fourth offender. The trial judge found that each of the sentences was separate and did not merge merely by virtue of issuing on the same day. He therefore found the defendant was a fourth offender and sentenced the defendant to the maximum time without eligibility for parole.

In *Cofer v. Hopper,* 233 Ga. 155, 156, supra, the Supreme Court found: "In January, 1967, the prisoner entered pleas of guilty on three separate indictments charging him with larceny of motor vehicles. The sentences were entered on the same date, each was for five years with the prisoner to serve two years and the balance probated. These sentences were to be served concurrently. A single probation order on all three cases was entered by the trial court. The record thus shows that such indictments were consolidated for trial." The court, therefore, held that under Code Ann. § 27-2511 since the indictments had been consolidated for trial they constituted but one conviction and thus the defendant was considered only a second offender not a fourth offender. Accord, *Hinton v. State,* 138 Ga. App. 702 (5) (227 SE2d 474).

Here, unlike the *Cofer* case, supra, three separate orders were entered on each of the indictments. Although they bore the same date, and two of the orders provided for the sentences to be concurrent with the third, the trial judge determined that they were in all other respects separate and distinct and there was no "consolidation for trial" within the meaning of Code Ann. § 27-2511. We find no error in his ruling.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

Submitted July 9, 1980 — Decided September 10, 1980.

*Darrel L. Hopson,* for appellant.
*Robert E. Keller, District Attorney, Jack T. Wimbish, Jr., Assistant District Attorney,* for appellee.