66293. CLARKE v. THE STATE.

BIRDSONG, Judge.
Michael Clarke was found guilty of robbery on a recidivist indictment under OCGA § 17-10-7 (Code Ann. § 27-2511). Appellant's previous collisions with the criminal courts were in four separate indictments for four separate crimes committed April 8, 1976; June 7, 1976; May 13, 1977; and May 23, 1977. All crimes were prosecuted as burglary of separate residences except the last, which was prosecuted as theft by disposing of stolen property. Appellant plead guilty to all these offenses. It happens that he plead guilty to the first two on the same day (September 10, 1976) and received a five-year probated sentence for each. Appellant pleaded not guilty to the third felony offense on November 28, 1977; he had pleaded not guilty to the fourth felony (theft by disposing) on November 4, 1977. However, he then changed his mind, and on November 30 changed his pleas to guilty pleas for these two separate offenses, and

accordingly, was sentenced on that day to serve 0-6 years (youthful offender) for the May 13 burglary and was sentenced to serve three years (consecutive) for the May 23 theft by disposing.

Upon this instant conviction for robbery committed March 19, 1982, the trial court found appellant a fifth offense recidivist under OCGA § 17-10-7 (Code Ann. § 27-2511), which relegated appellant to the maximum sentence for the instant offense, without parole. Appellant is aggrieved because he believes that he is only a third-offense recidivist under the statute aforementioned, and hence entitled to a lesser sentence. The turning point is OCGA § 17-10-7 (c) (Code Ann. § 27-2511) which provides: "For the purpose of this Code section, conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction."

This case is controlled by *Frazier v. State,* 155 Ga. App. 683, 684 (272 SE2d 548). The previous convictions of the appellant Clarke were not such as were "consolidated for trial." A separate indictment was charged for each of the four previous offenses. A separate sentence was handed down for each offense. The fact that two of them were probated sentences and were by operation of law made to run concurrently does not mean the offenses were "consolidated for trial." See *Frazier,* supra. The offenses in *Cofer v. Hopper,* 233 Ga. 155, 156 (210 SE2d 678) were determined to be consolidated for trial and thus only one conviction ensued, under the totality of circumstances (particularly the fact that a single order of probation was issued) which indicated that a series of offenses had indeed been consolidated for trial. In this case, as in *Frazier,* supra, the convenient happenstance (for that is all it appears to be) that the pleas and sentences of these four crimes were held on two days instead of four, does not impress us as being "consolidation for trial." Unless the offenses were not merely heard on the same day for convenience or efficiency, but were in fact consolidated for trial, as was the case in *Cofer,* supra, they will constitute separate offenses. Criminal statutes are to be strictly construed; " '[t]hey never are construed against an accused or a convicted person beyond their literal and obvious meaning.' " *Curtis v. State,* 102 Ga. App. 790, 802 (118 SE2d 264). Neither may the statute be construed *in favor* of the convicted person beyond its literal and obvious meaning. This statute does not have two constructions. The literal and obvious meaning of "consolidated for trial" is exactly that, and no less. In the absence of a clear indication that the offenses were not merely heard on the same day for convenience or some other reason, but were in fact *consolidated for trial,* as in *Cofer,* supra, we will not find them to be one conviction.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED JULY 11, 1983.

*Donald T. Wells, Jr., Timothy W. Floyd,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.