## 66761. LaPALME v. THE STATE.

POPE, Judge.

Gerald Joseph LaPalme, Jr. was indicted on two counts each of aggravated sodomy (Counts I and II) and child molestation (Counts III and IV); he was convicted on Counts I and III and acquitted on Counts II and IV. He brings this appeal following the denial of his motion for new trial. *Held:*

1. Defendant first asserts that the crime of child molestation merged with the crime of aggravated sodomy. " 'An accused may be prosecuted for both rape and child molestation based upon the same conduct, but he may not be convicted of both. (Cits.)' *Lamar v. State,* 243 Ga. 401, 403 (254 SE2d 353) (1979)." *Coker v. State,* 164 Ga. App. 493, 495 (297 SE2d 68) (1982). Since the convictions for aggravated sodomy and child molestation in this case were based upon the same conduct, it follows that the conviction for child molestation merged into the crime of aggravated sodomy and the conviction and sentence for the former crime must be reversed. See *Coker v. State,* supra; see also *McCranie v. State,* 157 Ga. App. 110 (1) (276 SE2d 263) (1981).

2. "In sexual offense crimes evidence of similar prior acts is admissible to show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the acts charged. [Cit.]"

*Phelps v. State,* 158 Ga. App. 219 (2) (279 SE2d 513) (1981). Accordingly, defendant's second enumeration of error has no merit. See also *Hurst v. State,* 166 Ga. App. 852 (1) (305 SE2d 663) (1983); *Allen v. State,* 163 Ga. App. 586 (1) (295 SE2d 549) (1982).

3. The issue raised by defendant's third enumeration of error is controlled adversely to him by *Clarke v. State,* 167 Ga. App. 402 (306 SE2d 702) (1983), and *Frazier v. State,* 155 Ga. App. 683 (2) (272 SE2d 548) (1980).

4. Defendant's final enumeration cites as error the trial court's dismissing the jury after a verdict had been rendered and making a determination without the intervention of a jury as to the recidivist counts of the indictment. However, under current law in cases such as the one at bar, the trial court alone determines the punishment to be imposed. See OCGA § 17-10-2 (Code Ann. § 27-2503). Since recidivism is an issue only in the sentencing phase of a trial (see *Parrish v. State,* 160 Ga. App. 601 (7) (287 SE2d 603) (1981)), it follows that defendant had no right to a *jury* determination of this issue. See *Jackson v. State,* 158 Ga. App. 702 (6) (282 SE2d 181) (1981).

*Judgment affirmed in part; reversed in part. Quillian, P. J., and Sognier, J., concur.*

DECIDED JANUARY 4, 1984 —
REHEARING DENIED JANUARY 20, 1984.

*John H. Affleck, Jr.,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.

ON MOTION FOR REHEARING.

On motion for rehearing defendant pro se raises several points which were not raised initially on appeal. Many of these points relate to matters dehors the record and thus cannot be considered by this court. The thrust of defendant's remaining points asserts the insufficiency of the evidence to support the verdict. Our review of the record in this case discloses a conflict between the evidence presented by the state and that presented by defendant. Nevertheless, construing the evidence most strongly in favor of the verdict, we find that any rational trier of fact could have found defendant guilty of aggravated sodomy beyond a reasonable doubt. See *Baker v. State,* 161 Ga. App. 256 (287 SE2d 715) (1982).

*Judgment adhered to.*