70877. ANDERSON v. THE STATE.
(335 SE2d 487)

BIRDSONG, Presiding Judge.

The sole enumeration of error in this appeal of a burglary conviction is that the trial court erred in sentencing the appellant under OCGA § 17-10-7 (b), which is the statute providing punishment for recidivists. Ronnie Lee Anderson, on July 10, 1978, had pleaded guilty to five accusations charging burglary. Anderson received only one sentence for these five offenses. The single sentence form contains the numbers of all five accusations and sentences Anderson to five years confinement. The form, after listing all five accusation numbers, also states that Anderson entered "a plea of guilty."

We have no difficulty in finding these prior offenses were "consolidated for trial" and hence constituted one prior conviction under OCGA § 17-10-7 (c); and therefore the trial court erred in sentencing Anderson as a sixth-offense recidivist under § 17-10-7 (b). In *Cofer v. Hopper*, 233 Ga. 155, 156 (210 SE2d 678), the Supreme Court found that appellant's three prior offenses were "consolidated for trial," under the totality of circumstances including the concurrent run of sentences and the fact that a single probation order was issued for all three separately indicted crimes. In *Parker v. State*, 170 Ga. App. 295 (316 SE2d 855), *Moore v. State*, 169 Ga. App. 24, 27 (311 SE2d 226),

*Clarke v. State*, 167 Ga. App. 402 (306 SE2d 702), and *Frazier v. State*, 155 Ga. App. 683 (272 SE2d 548), the respective appellants' prior offenses were held not to have been consolidated for trial principally because, whatever the other confluence of procedure, each offense received separate sentences or separate sentence orders. In *Moore*, supra, p. 27, we specifically said "as separate sentence and probation orders were entered on each of the indictments we find no 'consolidation for trial' within the meaning of OCGA § 17-10-7 (c). . . ." The totality of circumstances in this case and particularly the fact that Anderson's prior offenses were pleaded to and sentenced in one order with one sentence, confirm that these offenses were "not merely heard on the same day for convenience or efficiency, but were in fact consolidated for trial." *Clarke*, supra, p. 403.

Appellant further contends the state was required to indict appellant as a recidivist and could not merely present an accusation with notice of intent to prosecute as a recidivist. However, under *State v. Hendrixson*, 251 Ga. 853, 854 (310 SE2d 526), it was said that the only purpose for inclusion of prior offenses in an indictment "is to give to the accused unmistakable advance warning that the prior convictions will be used against him at sentencing." The trial court in sentencing cannot consider prior offenses unless the same was made known to defendant prior to trial (id. pp. 854-855); notice to defendant of intent to prosecute as a recidivist performs the function of any such notice in an indictment. The language of the specific recidivist statute in *Hendrixson*, supra, is "merely a direction as to the imposition of punishment under specified aggravated circumstances" and does not require an allegation of a prior offense in the indictment. Id. p. 854. The same is true of the general recidivist statute at OCGA § 17-10-7. In fact, section (d) of the statute provides: "This Code section is supplemental to other provisions relating to recidivist offenders." From this and what is said in *Hendrixson*, we find no basis for distinction between a specific recidivist statute referred to in *Hendrixson*, and the application of § 17-10-7 (c), as to there being no necessity to allege prior offenses in an indictment.

*Judgment affirmed and case remanded for resentencing. Carley and Sognier, JJ., concur.*

DECIDED SEPTEMBER 26, 1985.

*Robert L. Crowe*, for appellant.
*Glenn Thomas, Jr., District Attorney, James A. Chamberlin, Jr., Assistant District Attorney*, for appellee.