75027. GABBIDON v. THE STATE.
75071. WILLIAMS v. THE STATE.
(361 SE2d 861)

BANKE, Presiding Judge.

Williams and Gabbidon were convicted separately of possession of marijuana and possession of cocaine with intent to distribute in violation of the Georgia Controlled Substances Act. Williams was sentenced as a recidivist. Each has filed a separate appeal.

Williams was stopped by a state trooper while operating a rental vehicle in which Gabbidon was riding as a passenger. The trooper testified that Williams was impeding traffic in violation of OCGA § 40-6-184 by traveling 30 to 35 m.p.h. in a 55-m.p.h. zone and that the vehicle was also weaving within its lane of traffic. When Williams opened his door to exit the vehicle in compliance with the trooper's request, the trooper smelled marijuana emanating from the interior of the car and also observed a clear bag in a compartment in the driver's door containing what appeared and was ultimately proved to be marijuana. Both appellants were then searched, resulting in the seizure of substantial sums of money from both of them, as well as the seizure of a pouch containing marijuana from Gabbidon. The vehicle was also searched, resulting in the seizure of a 24- to 25-gram block of cocaine from beneath the rear seat of the vehicle and of two small packets of cocaine from over the sunvisor on the driver's side of the vehicle. Also, a trace of the cocaine was found on a plate seized from the trunk of the vehicle. *Held:*

1. Because the vehicle had been rented by Williams' wife, the appellants contend that there was insufficient evidence, under the equal access rule, to establish that they were in knowing possession of the

contraband seized from the vehicle. The evidence established that the two appellants were related, Gabbidon being married to Williams' niece, and that they had shared in the operation of the vehicle. Clearly, the evidence, considered as a whole, was sufficient to warrant the inference that they were in joint, knowing possession of the contraband being transported in the vehicle. Whether the purported equal access evidence was sufficient to rebut such an inference was for the jury to determine. See *Moore v. State*, 155 Ga. App. 149 (1) (270 SE2d 339) (1980). In addition, " '[w]here transactions involving relatives are under review slight circumstances are often sufficient to induce a belief that there was collusion between the parties.' [Cits.]" *Robinson v. State*, 175 Ga. App. 769, 772 (334 SE2d 358) (1985). Reviewing the evidence in the light most favorable to the jury's verdicts, we conclude it was sufficient to enable a rational trier of fact to find both appellants guilty beyond a reasonable doubt of the offenses of which they were convicted. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). It follows that the trial court did not err in denying the appellants' motion for directed verdict of acquittal, nor in rejecting the general grounds of their motions for new trial.

2. The appellants contend that the trial court erred in denying their motions to suppress the evidence seized by the trooper, arguing that he had no reason to stop their vehicle. This contention is without merit. The officer testified that he stopped the appellants' vehicle because it was impeding the flow of traffic and because it was weaving within its lane. Under such circumstances, the state trooper clearly was justified in at least making an investigatory stop of the vehicle pursuant to *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). Accord *Dickson v. State*, 167 Ga. App. 685 (307 SE2d 267) (1983). Of course, after stopping the vehicle, the officer acquired probable cause to arrest the appellants and search the vehicle based on his immediate detection of the odor of marijuana and his observation of a bag of marijuana in plain view. Accord *Parks v. State*, 150 Ga. App. 446 (1) (258 SE2d 66) (1979). "The [plain view] doctrine will support a warrantless search and seizure if the agents are lawfully in position to obtain the view, the discovery is inadvertent, and the object viewed is immediately seen to be incriminating. [Cits.]" *Dimick v. State*, 178 Ga. App. 60, 61 (341 SE2d 914) (1986). It follows that the subsequent warrantless arrest and search were authorized.

3. Appellant Williams contends that the trial court erred in refusing to give his requested charge, taken from *Davis v. State*, 13 Ga. App. 142 (78 SE 866) (1913), to the effect that if the facts in evidence support two theories, one of guilt and the other consistent with innocence, the jury must acquit the accused. "This decision was thoroughly discussed and discredited in *Nolen v. State*, 124 Ga. App. 593,

594 (184 SE2d 674), and relegated to a role in cases 'dependent solely upon circumstantial evidence.' " *Booker v. State*, 156 Ga. App. 40, 42 (4) (274 SE2d 84) (1980). In this case, as in *Booker*, supra, the jury was fully instructed both on the presumption of innocence and on the necessity of proving the appellant's guilt beyond a reasonable doubt. It was not error for the trial court to refuse to give the requested charge.

4. Appellant Williams' contention that the jury, rather than the trial judge, should have decided the issue of whether he was a recidivist is without merit. See *LaPalme v. State*, 169 Ga. App. 540 (4) (313 SE2d 729) (1984).

5. The record clearly reflects that the state gave Williams "unmistakable advance warning that [his] prior convictions [would] be used against him at sentencing." *Anderson v. State*, 176 Ga. App. 255, 256 (335 SE2d 487) (1985). Consequently, his final enumeration of error is without merit.

*Judgments affirmed. Carley and Benham, JJ., concur.*

DECIDED OCTOBER 6, 1987.

*Richard D. Phillips*, for appellants.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney*, for appellee.