Curtis ECHOLS, Petitioner–Appellant,

v.

A.G. THOMAS, Respondent–Appellee.

No. 92–8981.

United States Court of Appeals,
Eleventh Circuit.

Sept. 19, 1994.

Jill A. Pryor, Bondurant Mixson & Elmore, Atlanta, GA, for appellant.

Michael Bowers, Atty. Gen., Paula K. Smith, Atty. Gen. Office, State of GA, Atlanta, GA, for appellee.

Before KRAVITCH, Circuit Judge, FAY and HENDERSON, Senior Circuit Judges.

PER CURIAM:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO ARTICLE VI SECTION VI PARAGRAPH IV OF THE GEORGIA CONSTITUTION, O.C.G.A. § 15–2–9 (Michie 1994), AND RULE 37 OF THE SUPREME COURT OF GEORGIA.

TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES THEREOF.

Curtis Lee Echols, Jr., a Georgia prisoner, appeals to this court from the judgment entered in the United States District Court for the Northern District of Georgia denying his petition for habeas corpus relief filed pursuant to 28 U.S.C. § 2254 (1992). Because this case, involves a federal constitutional issue that turns on a question of State law which has not been answered by the Georgia courts, we defer our decision pending certification of the issue to the Supreme Court of Georgia.

Echols entered guilty pleas in the Douglas County Superior Court to three counts of armed robbery (counts one, three and four) and two counts of aggravated assault (counts five and seven).[1] The court sentenced him to life imprisonment on each of the armed robbery counts and ordered that the terms for counts three and four be served concurrently. It also imposed twenty years' imprisonment on each of the aggravated assault

---

1. These crimes were committed in May 1987. Echols pleaded guilty and was sentenced on August 17, 1987.

counts, to run concurrently with the life sentence for count one. These sentences were later summarily affirmed by the Superior Court Sentence Review Panel. *See* O.C.G.A. § 17–10–6 (Michie 1990).

Echols subsequently sought habeas corpus relief in the Superior Court of Tattnall County. He contended that the three life sentences were not authorized by Georgia law and that his court-appointed attorney was ineffective for failing to so advise him in connection with his guilty pleas or to challenge their imposition. Ecohols' grounds for relief were based upon an alleged conflict between O.C.G.A. § 16–8–41(b) (Michie 1992) and O.C.G.A. § 17–10–1(a) (Michie 1990). Section 16–8–41(b) provides, in relevant part, that a person convicted of armed robbery "shall be punished by death or imprisonment for life or by imprisonment for not less than five nor more than 20 years."[2] At the time of Echols' sentencing hearing, however, Georgia law also stipulated that

> [e]xcept in cases in which life imprisonment or the death penalty *must* be imposed, upon a verdict or plea of guilty in any case involving a misdemeanor or felony ... the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years, which shall be within the minimum and maximum prescribed by law as the punishment for the crime.

O.C.G.A. § 17–10–1(a) (emphasis added).[3] Echols argued before the State habeas court that because section 16–8–41(b) did not mandate prison service for life, the sentencing court was compelled, under section 17–10–1(a), to sentence him to a determinate number of months or years.

The superior court did not address the foregoing statutory claim. Instead, it concluded, after an evidentiary hearing, that the life sentences were authorized by O.C.G.A. § 17–10–7(a) (Michie 1990), which requires that a recidivist "shall be sentenced to undergo the longest period of time prescribed for the punishment of the subsequent offense of which he stands convicted." It found section 17–10–7(a) to be applicable because, prior to the entry of the guilty pleas which resulted in the life sentences at issue, Echols had been convicted for attempted robbery and was sentenced to five years' probation as a first offender. The court also rejected the ineffective assistance contention and consequently denied relief. Thereafter, the Supreme Court of Georgia summarily denied Echols' application for probable cause to appeal.

Echols then filed the instant federal petition in which he reasserted the same grounds for relief. The district court found that the State habeas corpus court's reasoning for affirming the life sentences was erroneous because Echols was not and could not have been sentenced as a recidivist under the terms of section 17–10–7(a).[4] After analyzing the alleged statutory conflict, however, the court concluded it was unlikely that the Georgia legislature intended the result urged by Echols. It also found that Echols' attorney was not ineffective for failing to recognize or assert this novel claim. The court denied relief but recommended that the statutory issue be certified to the Supreme Court of Georgia in the event of an appeal.

---

**2.** Although the statute permits the death penalty, the Georgia courts have consistently vacated such punishment in armed robbery cases as disproportionate to the penalties imposed for crimes of similar magnitude. *See Gregg v. Georgia,* 428 U.S. 153, 205–06, 96 S.Ct. 2909, 2904, 49 L.Ed.2d 859, 892–93 (1976).

**3.** The phrase "may be imposed" was substituted for "must be imposed" effective May 1, 1993. *See* O.C.G.A. § 17–10–1(a)(1) (Michie Supp. 1994). The version of the statute in effect immediately prior to that which governed Echols' sentencing stated:

> Upon a verdict or plea of guilty in any case involving a misdemeanor or felony the judge fixing such sentence shall prescribe a determinate sentence for a specific number of years ... except in cases in which life imprisonment or capital punishment *is* imposed.

1974 Ga.Laws 352, 354 § 4 (emphasis added).

**4.** This conclusion was based upon the State's failure to notify Echols that he was subject to recidivist sentencing and upon the fact that no mention was made of such a possibility in either the indictment or at the time of the guilty plea and sentencing hearing, as required by the statute. *See Anderson v. State,* 176 Ga.App. 255, 335 S.E.2d 487, 488 (1985). The Respondent does not dispute these findings on appeal.

Although Echols' sentencing claim ultimately turns on a question of State law, it properly falls within the scope of federal habeas corpus review because "the eighth amendment bars a prison sentence beyond the legislatively created maximum." *Ralph v. Blackburn,* 590 F.2d 1335, 1337 n. 3 (5th Cir.1979).[5] We agree with the district court that the answer to the question is best left to the State.

We therefore submit the following for consideration by the Supreme Court of Georgia.

Were the life sentences imposed by the Douglas County Superior Court authorized by the Georgia legislature at the time of Echols' sentencing?

Nothing in this certification, including the particular phrasing of the foregoing question, is intended to limit the Supreme Court of Georgia in its consideration of the problem presented. *See Polston v. Boomershine Pontiac–GMC Truck, Inc.,* 952 F.2d 1304, 1310–11 (11th Cir.1992). The entire record in this case, together with copies of the briefs of the parties, shall be transmitted by the clerk of this court to the Supreme Court of Georgia.

IT IS SO ORDERED.

---

5. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as precedent all decisions of the former United States Court of Appeals for the Fifth Circuit issued prior to October 1, 1981.