## A98A0699. ROBINSON v. THE STATE.
### (501 SE2d 536)

McMURRAY, Presiding Judge.

Defendant Robinson appeals his conviction of a sale of a controlled substance, cocaine, in violation of OCGA § 16-13-30 (b). *Held*:

1. Defendant's trial counsel did not object to the voluntariness of defendant's prior pleas when they were tendered by the State in aggravation of punishment and for recidivist treatment. As the issue was not preserved by timely objection before the trial court, it is not ripe for appellate review. *Bailey v. State*, 198 Ga. App. 632, 634 (4) (402 SE2d 363); *Mincey v. State*, 186 Ga. App. 839, 841 (4) (368 SE2d 796).

2. State's Exhibits 5 and 6, containing the records of defendant's pleas to two prior indictments, were tendered in aggravation of punishment. Defendant maintains that since the two indictments were pled out at the same time, before the same judge, and resulted in the same sentence to run concurrently, the offenses should be viewed as consolidated and treated as only one offense. However, the factors relied upon by defendant do not establish that the cases were "consolidated for trial" as contemplated by OCGA § 17-10-7. As there were separate indictments and separate sentencing orders were entered as to each indictment, the record indicates that there was no consolidation. *Moore v. State*, 169 Ga. App. 24, 27 (7) (311 SE2d 226); *Clarke v. State*, 167 Ga. App. 402, 403 (306 SE2d 702); *Frazier v. State*, 155 Ga. App. 683, 684 (272 SE2d 548).

3. Defendant's third enumeration of error maintains that the trial court erred in allowing the State to tender the testimony of a drug analyst who had not issued a report in the case. Apparently two

State's exhibits were originally tested by Colleen M. Reilly, who issued a laboratory report provided to defendant pursuant to OCGA § 17-16-4. Reilly was, at that time, the analyst stationed in Chatham County, but was subsequently transferred to Atlanta. When the trial of this case approached, the State determined that it was more efficient to retest the exhibits rather than expend the resources required to return Reilly to Chatham County for the trial. The exhibits were retested by Sergeant Nancy Long, who testified at trial but did not issue any laboratory report. Compare *Givens v. State*, 214 Ga. App. 774 (449 SE2d 149). Defendant was provided with Reilly's laboratory report and informed that Sergeant Long had repeated the tests.

Defendant now challenges the procedure adopted by the State by arguing that the admission of Sergeant Long's testimony was in contravention of OCGA § 17-16-4. However, any such issues were not preserved by objection at trial. The transcript references provided by defendant lead us to only a chain of custody objection, and we find no timely objection to the issues now raised and argued on appeal. Defendant having made no objection at trial regarding the issues raised on appeal, these issues must be deemed waived. *Salem v. State*, 228 Ga. 186, 187 (3) (184 SE2d 650); *Chesser v. State*, 228 Ga. App. 164, 165 (1) (a) (491 SE2d 213); *Godfrey v. State*, 227 Ga. App. 576, 577 (2) (489 SE2d 364); *Nelson v. State*, 210 Ga. App. 249, 250 (2) (435 SE2d 750); *Price v. State*, 204 Ga. App. 288, 289 (2) (419 SE2d 126).

4. Defendant's remaining enumeration of error questions the sufficiency of the evidence to authorize his conviction. A law enforcement officer identified defendant as the individual to whom he exchanged marked currency for four pieces of crack cocaine. This evidence was sufficient to authorize a rational trier of fact to conclude that defendant was guilty beyond a reasonable doubt of the crime of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Spear v. State*, 228 Ga. App. 112 (1) (491 SE2d 164).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED APRIL 6, 1998 —
RECONSIDERATION DENIED APRIL 16, 1998 —

*C. Jackson Burch*, for appellant.

*Spencer Lawton, Jr., District Attorney, Lori E. Loncon, Assistant District Attorney*, for appellee.