## A00A1329. STONE v. THE STATE.
### (538 SE2d 791)

RUFFIN, Judge.

Ricky Stone pled guilty to violating the Georgia Controlled Substances Act (VGCSA) by selling five pounds of marijuana to an undercover law enforcement officer.[1] The State tendered three prior felony convictions in aggravation of punishment, and the trial court sentenced Stone to ten years in prison without parole under OCGA § 17-10-7 (c), which governs sentencing for repeat offenders. In his sole enumeration of error, Stone contends that the trial court erred in sentencing him under this Code section. Stone argues that two of the prior convictions were pleas that had been consolidated for trial under OCGA § 17-10-7 (d) and, thus, are deemed to be only one conviction. We agree and reverse.

Under OCGA § 17-10-7 (c), any person who, after having been convicted of three felonies, commits a subsequent felony, is required to serve the maximum sentence and is ineligible for parole. OCGA § 17-10-7 (d) provides that "[f]or the purpose of this Code section, conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction."

Stone's three prior convictions included: a 1986 VGCSA conviction; a 1994 VGCSA conviction; and a 1994 conviction for possession of a firearm by a convicted felon. Stone argues the two 1994 convictions should be considered "consolidated for trial" under subsection (d).

In determining whether separate offenses should be considered "consolidated for trial" for purposes of recidivist sentencing, we look to the totality of the circumstances.[2] In 1994, Stone was arrested for VGCSA and for possession of a firearm by a convicted felon. Both offenses occurred on October 21, 1994, and it is undisputed that both offenses arose out of the same conduct. Stone was charged under two separate accusations, and, on October 26, 1994, he pled guilty to both offenses. We conclude that, under these facts, the two offenses were consolidated for trial.

The State argues that the two offenses were not consolidated for trial because Stone was charged under separate accusations and the trial court entered separate sentencing orders. It is true that if sepa-

---

[1] It appears from the transcript that Stone also pled guilty to three other violations of the Georgia Controlled Substances Act that occurred in another county, but the record does not contain either the accusations or the sentencing orders.

[2] See *Cofer v. Hopper*, 233 Ga. 155, 156 (4) (210 SE2d 678) (1974); *Clark v. State*, 167 Ga. App. 402, 403 (306 SE2d 702) (1983).

rate offenses are charged under separate charging instruments and a defendant is sentenced under separate orders, the offenses are generally not consolidated for trial within the meaning of OCGA § 17-10-7 (d).[3] But the cases that set forth this principle do not involve multiple offenses arising from the same incident.

When a single incident gives rise to multiple offenses, the offenses generally must be prosecuted in a single prosecution.[4] Thus, had Stone opted to go to trial rather than enter a guilty plea, the State would have been required to consolidate the offenses for trial, and Stone would have been deemed to have had only one conviction for sentencing purposes.[5] We see no reason to apply a different rule simply because Stone opted to plead guilty.

Accordingly, where multiple offenses arise from the same incident, the offenses are consolidated for trial within the meaning of OCGA § 17-10-7 (d). As the two 1994 offenses were consolidated for trial, they are deemed to be only one conviction for sentencing purposes. Thus, the trial court erred in sentencing Stone under OCGA § 17-10-7 (c), and his sentence is vacated and the case is remanded for resentencing.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED AUGUST 30, 2000.

*George L. Hoyt, Jr.,* for appellant.
*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney,* for appellee.

---

[3] See *Philmore v. State,* 263 Ga. 67, 70 (6) (428 SE2d 329) (1993); *Robinson v. State,* 232 Ga. App. 280 (2) (501 SE2d 536) (1998); *Mims v. State,* 225 Ga. App. 331, 332 (2) (484 SE2d 37) (1997).

[4] See OCGA § 16-1-7 (b), (c) ("If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution" unless ordered otherwise in the interest of justice.).

[5] OCGA § 17-10-7 (d).