A01A2186. MOORE v. THE STATE.
(554 SE2d 204)

ELLINGTON, Judge.

William D. Moore appeals from the denial of his motion to vacate an illegal sentence. Finding no error, we affirm.

An Athens-Clarke County jury convicted Moore of armed robbery, OCGA § 16-8-41. On May 6, 1992, he was sentenced as a recidivist to life imprisonment without the possibility of parole, pursuant to former OCGA § 17-10-7 (b).[1] That statute read as follows:

Any person who, after having been convicted under the laws of this state for three felonies . . . , commits a felony within this state other than a capital felony, must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

Ga. L. 1984, p. 760, § 2. Upon a finding that the defendant is a recidivist under this provision, the mandatory sentence for an armed robbery is imprisonment for life without parole. OCGA § 16-8-41 (b) (Ga.

---

[1] Currently OCGA § 17-10-7 (c).

L. 1985, p. 1036, § 1); *Howard v. State*, 233 Ga. App. 724-725 (1) (505 SE2d 768) (1998).

During sentencing on Moore's armed robbery, the State presented evidence that Moore pled guilty on October 22, 1974, to murder and was sentenced to life imprisonment. On the same day that he pled guilty to murder, Moore also pled guilty to robbery by force against a separate victim and was sentenced to 20 years imprisonment. The State also showed that, in February 1992, Moore pled guilty to armed robbery and was sentenced to a 20-year term to run concurrent with his life sentence.

Moore appealed his conviction, which was affirmed by this Court. *Moore v. State*, 207 Ga. App. 802 (430 SE2d 115) (1993). Moore filed a habeas corpus petition in 1997, raising ineffective assistance of counsel. On December 27, 2000, Moore filed a motion to vacate, correct, or modify his sentence. The trial court denied the motion on April 27, 2001, and this appeal followed.

1. Moore contends the aforementioned murder and robbery by force should be treated as one felony, not two, for recidivist sentencing purposes. Moore argues that, because the pleas were entered on the same day and resulted from a two-day "crime spree," the felonies were "consolidated for trial" and must be treated as one felony pursuant to OCGA § 17-10-7 (c).[2] Under this statute, for recidivist sentencing purposes, "conviction of two or more crimes charged . . . in two or more indictments or accusations consolidated for trial[ ] shall be deemed to be only one conviction."

The trial court, however, specifically found that the murder and robbery by force had not been "consolidated for trial" just because Moore "entered guilty pleas and was sentenced on the same day and . . . the sentences ran concurrent[ly]." We agree. The convictions at issue arose from separate crimes against different victims which occurred on different days. They were indicted separately, and a separate sentencing order was entered on each indictment. "Under these circumstances, the fact that the sentences were entered on the same day and that the sentences on the one charge ran concurrent with the other sentence does not require the conclusion that the two prior convictions had been 'consolidated for trial' within the meaning of OCGA § 17-10-7 (c)." (Citation and punctuation omitted.) *Thompson v. State*, 237 Ga. App. 466, 471 (6) (517 SE2d 339) (1999). See also *Philmore v. State*, 263 Ga. 67, 70 (6) (428 SE2d 329) (1993); *Robinson v. State*, 232 Ga. App. 280 (2) (501 SE2d 536) (1998). Cf. *Stone v. State*, 245 Ga. App. 728, 729 (538 SE2d 791) (2000) (when a single incident gives rise to multiple offenses, they should be considered as

---

[2] Currently OCGA § 17-10-7 (d).

one conviction for recidivist sentencing purposes, regardless of whether the defendant went to trial or pled guilty on the charges). The record supports the trial court's finding that, for the purpose of recidivist sentencing, the prior convictions were not consolidated for trial.

2. We have examined Moore's remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 9, 2001 —
RECONSIDERATION DENIED AUGUST 20, 2001 — 

William D. Moore, *pro se.*

*Kenneth W. Mauldin, District Attorney, Phillip C. Griffeth, Assistant District Attorney,* for appellee.