A08A1652. CRUTCHFIELD v. THE STATE.
(672 SE2d 467)

MILLER, Chief Judge.

A Walton County jury convicted Willie Crutchfield of selling cocaine (OCGA § 16-13-30 (b)), false imprisonment (OCGA § 16-5-41), and simple assault (OCGA § 16-5-20).[1] Crutchfield appeals from the denial of his motion for a new trial, arguing that the trial court erred by (1) failing to give the jury his proposed jury instruction on circumstantial evidence, (2) allowing the jury to see a transcript of a recording of the cocaine sale transaction without requiring the State to redact prejudicial language, and (3) sentencing him under the recidivist statute, OCGA § 17-10-7. Discerning no error, we affirm.

Viewed in the light most favorable to the verdict, the record shows that on November 11, 2003, the Walton County Sheriff's Office arranged for a confidential informant, Jimmy Beck, to go to Crutchfield's residence to attempt a purchase of cocaine from Crutchfield. Before Beck went to Crutchfield's house, investigators met with Beck and searched his car and person to make sure he did not possess any illegal contraband. Investigators gave Beck $60 and instructed him to buy $40 worth of cocaine. Investigators equipped Beck with a transmitter to allow them to monitor and record Beck's conversation with Crutchfield.

Beck drove to Crutchfield's house and parked his truck in Crutchfield's driveway. Crutchfield and two men were outside the residence, and Crutchfield was working in his yard on a Bobcat. Beck engaged in light banter with Crutchfield, and, while the two men were talking, a woman walked up and joined the conversation. After

---

[1] Crutchfield was acquitted of aggravated assault and on two counts of possession of a weapon during commission of a felony.

the woman left, Beck asked Crutchfield to "let [him] get forty," meaning $40 of cocaine, and Beck gave Crutchfield the money. Crutchfield then drove his Bobcat over to his truck, which was parked at the front of the driveway, reached under a wheel, pulled out a black box and handed four rocks of cocaine to Beck.

After obtaining the cocaine, Beck turned and began walking up the driveway, but Crutchfield, noticing a bulge in Beck's pants where the receiver was, yelled out and asked Beck what was in his back pocket. Crutchfield began following Beck up the driveway. Crutchfield tried to reach around and feel what was on Beck's hip, but Beck pushed Crutchfield away. At some point, Crutchfield put the money Beck had given him in Beck's shirt pocket.

When the two men got to Beck's truck, Crutchfield stood with his back to the driver's side door and would not let Beck into the vehicle. Crutchfield stated that he wanted the cocaine back and tried to grab it from Beck. Beck walked around to the passenger's side, and, as Beck opened the passenger's side door, Crutchfield opened the driver's side door and took Beck's keys, which were in the ignition. Beck walked back around to the driver's side and asked Crutchfield for his keys. Beck stepped toward Crutchfield, and Crutchfield pulled out a knife and continued to demand that Beck return the cocaine. When Crutchfield pulled out his knife, Beck was standing just a few feet away, but when he saw the knife, Beck took several steps back.

Investigators listening to the conversation heard Beck tell Crutchfield to put down the knife and immediately sent a rescue team to the scene. When the officers arrived, they saw that Crutchfield had a knife in his right hand, and he was standing in an "offensive" or "aggressive" position and pointing the knife toward Beck. One of the investigators got out of his car, pointed a gun at Crutchfield, and ordered Crutchfield and Beck to get on the ground. Beck subsequently handed the cocaine over to one of the officers. Chemical testing confirmed that the substance recovered from Beck was cocaine.

Following his conviction, Crutchfield filed a motion for a new trial, which was denied. This appeal followed.

1. Crutchfield claims that the trial court erred by failing to give his Request to Charge Number 11, which, according to Crutchfield, substantially tracked the language of OCGA § 24-4-6.[2] Crutchfield's requests to charge, however, are not included in the record on appeal,

[2] OCGA § 24-4-6 states: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."

leaving us unable to examine or verify the language of Crutchfield's request. As such, Crutchfield has waived this claim of error. *Mitchell v. State*, 255 Ga. App. 585, 591 (6) (565 SE2d 889) (2002) ("This enumerated error presents nothing for review . . . because the requested jury charge at issue is not included in the record."); see also *McKinney v. State*, 192 Ga. App. 6, 7 (2) (383 SE2d 608) (1989).

Even if Crutchfield had not waived the claim, we would reject it under the harmless error doctrine. The Supreme Court of Georgia has established a bright-line rule requiring a trial court to charge the jury on OCGA § 24-4-6 when the State introduces both direct and circumstantial evidence to support a conviction and the defendant has requested the charge. *Mims v. State*, 264 Ga. 271 (443 SE2d 845) (1994); *Gregory v. State*, 277 Ga. App. 664, 668 (4) (627 SE2d 79) (2006) ("The Supreme Court of our state has established that a trial court is required to give this charge request [on OCGA § 24-4-6] if the state has introduced circumstantial evidence."). In almost all criminal cases, including this one, the State relies on at least some circumstantial evidence. *Mims*, supra, 264 Ga. at 272, n. 2 ("Virtually every case contains some circumstantial evidence. . . .") (citation omitted). As such, the trial court here was required to give a charge on OCGA § 24-4-6, if requested.

"However, failure to give the charge [on OCGA § 24-4-6] may be deemed harmless when the evidence of guilt is overwhelming." (Footnote omitted.) *Gregory*, supra, 277 Ga. App. at 668 (4) (failure to charge on OCGA § 24-4-6 in vehicular homicide case was harmless error in face of overwhelming evidence of defendant's guilt, including admissions to law enforcement); *Thompson v. State*, 283 Ga. 581, 582 (3) (662 SE2d 124) (2008) (failure to charge OCGA § 24-4-6 harmless error in malice murder case in which defendant admitted shooting victim, and although he claimed self-defense, further admitted that he did not know whether victim was armed and that he could have retreated).

Here, the failure to charge on OCGA § 24-4-6 would have been harmless error in any event in light of the overwhelming evidence of Crutchfield's guilt on the charges at issue. With respect to Crutchfield's conviction for sale of cocaine, the evidence includes Beck's account of what transpired at Crutchfield's house, the recording of Beck's conversation with Crutchfield, law enforcement's recovery of cocaine from Crutchfield when they arrived on the scene, and the results of subsequent chemical testing confirming that the substance Crutchfield sold Beck was cocaine. Beck's testimony and the recording also supported Crutchfield's convictions for false imprisonment and simple assault. Those convictions were further supported by Crutchfield's own admission that he pulled a knife on Beck and was holding Beck's keys when law enforcement arrived and by the

testimony of law enforcement officers who arrived on the scene to find that Crutchfield had drawn his knife and was pointing it at Beck.

2. At trial, the State was permitted to provide the jury with a transcript of the recorded conversation between Crutchfield and Beck to aid the jury as it listened to a tape of the conversation that was offered into evidence.[3] The transcript is entitled, "CI Buy Transaction Log" and the top of the first page also refers to a "Buy Date" and "Buy Location." Defense counsel requested that references to a "CI Buy" or a "Buy" be redacted before the transcript was presented to the jury, arguing that such references were prejudicial. Crutchfield now argues that the trial judge's denial of his request was tantamount to expressing an opinion on the evidence, in violation of OCGA § 17-8-57. Crutchfield never objected at trial that the trial judge was improperly expressing or intimating an opinion on the evidence, and as such, he waived this claim of error. *Gardner v. State*, 263 Ga. 197, 200 (9) (429 SE2d 657) (1993).

Even if the claim of error had been preserved, it would fail because the trial judge did not express or intimate any improper opinions before the jury. The references in the transcript to a "CI Buy" or "Buy" reflected the State's, not the trial court's, characterization of the recording. The trial judge never stated or intimated any opinion about whether a drug purchase occurred. The trial judge simply instructed the jury that: "We're giving you this transcript to follow along as the tape is being played. It is not evidence, the transcript is not evidence, and that you should make your own determination of its accuracy based on your findings of the evidence as presented in this case." In light of these instructions, the jury would have understood that it must decide whether the title of the transcript accurately characterized what transpired between Crutchfield and Beck.

3. Finally, Crutchfield argues that the trial court erred in sentencing him under OCGA § 17-10-7 (a) and (c) because the State did not have sufficient evidence that he had been convicted of three prior felonies.[4] We disagree.

At the sentencing hearing, the State introduced evidence that Crutchfield pled guilty to voluntary manslaughter on April 4, 1979 in Fulton County Superior Court and was sentenced to ten years, with

---

[3] The transcript was not introduced into evidence and did not go out with the jury.

[4] The trial court sentenced Crutchfield to a term of twenty years on his conviction for sale of cocaine, with ten years to be served in prison and the remainder on probation, and imposed a fine and surcharges. The trial court sentenced Crutchfield to a term of ten years on his false imprisonment conviction and twelve months on his assault conviction, each to run concurrently with his sentence for selling cocaine.

seven years to be served in prison. This conviction is not in dispute. The State also introduced evidence that on December 19, 1986, Crutchfield entered guilty pleas on two separate indictments, one for selling cocaine in violation of the Georgia Controlled Substances Act and the other for possession of a firearm by a convicted felon. Crutchfield was sentenced to four years in prison and six years probation for selling cocaine and, by a separate sentencing order, received a consecutive sentence of five years probation for possession of a firearm by a convicted felon.

Crutchfield claims that his indictments for sale of cocaine and possession of a firearm by a convicted felon were consolidated for trial and his convictions for those offenses constitute only one conviction pursuant to OCGA § 17-10-7 (d).[5] We disagree. Although the trial court accepted guilty pleas on both charges and imposed sentences on the same date, the record here indicates there was no consolidation, "[a]s there were separate indictments[,] and separate sentencing orders were entered as to each indictment." (Citations omitted.) *Robinson v. State*, 232 Ga. App. 280 (2) (501 SE2d 536) (1998); see also *Philmore v. State*, 263 Ga. 67, 70 (6) (428 SE2d 329) (1993); *Mims v. State*, 225 Ga. App. 331, 332 (2) (484 SE2d 37) (1997). Further, the fact that Crutchfield's sentences for these two offenses ran consecutively rather than concurrently also supports the conclusion that there were two separate convictions. Compare *Robinson*, supra (separate indictments and separate sentencing orders refuted claim that indictments were consolidated although sentences were concurrent). Finally, the two convictions arose from different crimes committed on different dates, which also militates against finding consolidation. *Moore v. State*, 251 Ga. App. 295, 296 (1) (554 SE2d 204) (2001) (prior indictments were not "consolidated for trial" when "[t]he convictions at issue arose from separate crimes against different victims which occurred on different days"); cf. *Stone v. State*, 245 Ga. App. 728, 729 (538 SE2d 791) (2000) ("[W]here multiple offenses arise from the same incident, the offenses are consolidated for trial within the meaning of OCGA § 17-10-7 (d).").

Crutchfield argues erroneously that separate sentencing orders were not entered. While the trial court used the same Acknowledgment and Waiver of Rights form to confirm that Crutchfield's guilty pleas on both charges were knowing and voluntary, the trial court issued separate sentencing orders. We cannot conclude that the

---

[5] OCGA § 17-10-7 (d) states: "For the purpose of this Code section, conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction."

indictments were consolidated for trial simply because the trial court, as an administrative convenience, used the same waiver form with respect to both guilty pleas.

For the reasons set forth above, we affirm the trial court's order denying Crutchfield's motion for a new trial.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 12, 2009.

*Farnham & Rothenberg, David J. Farnham*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Candace K. Slezak, Assistant District Attorney*, for appellee.