## A10A1039. BAKER v. THE STATE.
(701 SE2d 572)

PHIPPS, Presiding Judge.

Joshua Baker appeals from his conviction and sentence for possession of marijuana with intent to distribute. He argues that the trial court erred in denying his motion to suppress and in sentencing him as a recidivist. We disagree, and affirm.

1. In reviewing the denial of a motion to suppress,

we construe the evidence in a light most favorable to upholding the trial court's findings and judgment. When the trial court's findings are based upon conflicting evidence, we will not disturb the lower court's ruling if there is any evidence to support its findings, and we accept that court's credibility assessments unless clearly erroneous.

---

The trial court's application of law to undisputed facts, however, is subject to de novo review.[1]

So viewed, the evidence showed that on December 14, 2007, Baker was a passenger in a car stopped by a county sheriff's deputy for a tag violation. The deputy recognized Baker and the driver. He ran a check on the driver's license and Baker's identification. He then returned to the car and explained the tag problem. He also asked the men a few questions about, among other things, their status as parolees and whether they had any drugs in the car, and he indicated that he wanted them to step out of the car. They complied, and the deputy performed a pat-down search of them. The deputy then asked the driver for consent to search the car, and the driver told him to "go ahead." At that point, approximately six minutes had passed since the initiation of the traffic stop. In the course of searching the car, the deputy found several baggies of marijuana that Baker admitted belonged to him.

Baker moved to suppress the marijuana on the ground that the deputy began a drug investigation without articulable suspicion of drug activity, resulting in unreasonable detention beyond that which could be expected for a normal stop for a tag violation. This detention, Baker argued, violated his Fourth Amendment right against unreasonable search and seizure and tainted the evidence found in the ensuing search.[2] The court denied Baker's motion, however, finding that the traffic stop was valid, that the accompanying detention of Baker was valid, and that Baker lacked standing to challenge the search of the driver's car.

(a) There is no dispute in this case that the initial traffic stop for the tag violation was valid.[3] And pending completion of a valid traffic stop, an officer may question the driver or occupants of a vehicle on topics related or unrelated to the stop, request consent to conduct a search, or order the driver or occupants to get out of the vehicle.[4] "However, a seizure that is justified solely by the interest in issuing a [citation or] warning ticket to the driver can become unlawful if it is prolonged beyond the time reasonably required to complete that mission."[5] "Once that purpose has been fulfilled, the continued

---

[1] *Sommese v. State*, 299 Ga. App. 664, 665 (683 SE2d 642) (2009) (citation omitted).

[2] Although Baker was on parole, the state did not present evidence that he was subject to a Fourth Amendment waiver.

[3] See *Navicky v. State*, 245 Ga. App. 284, 285 (1) (537 SE2d 740) (2000).

[4] See *Brendlin v. California*, 551 U. S. 249, 258 (B) (127 SC 2400, 168 LE2d 132) (2007); *Salmeron v. State*, 280 Ga. 735, 736-737 (1) (632 SE2d 645) (2006).

[5] *Salmeron*, supra at 736 (citation and punctuation omitted); see *Illinois v. Caballes*, 543 U. S. 405, 407 (125 SC 834, 160 LE2d 842) (2005).

detention of the vehicle and its occupants is constitutional only if the officer has a reasonable articulable suspicion of other illegal activity or when the valid traffic stop has de-escalated into a consensual encounter."[6]

Baker argues that the traffic stop had already ended when the officer instructed him and the driver to get out of the car and then sought consent to search. The video recording of the stop, however, showed that these actions occurred contemporaneously with the officer's return to the car after checking the occupants' identification and his discussion with the driver about the tag violation. The officer testified that when he asked for consent to search he had a basis for issuing a warning for the tag violation but had not done so. After receiving consent to search, he informed the driver that he was not going to issue a citation or warning for the tag violation. This evidence, viewed in the light most favorable to the judgment, did not require a finding that the traffic stop had ended before the officer instructed the men to get out of the car and sought consent to search the car.[7]

Moreover, "we have held that, where an officer requests consent to search contemporaneously, or nearly so, with the moment the purpose of a traffic stop is fulfilled, a trial court is authorized to conclude that the request did not unreasonably prolong the detention."[8] And Baker points to no other evidence showing that the stop had been unreasonably prolonged when the officer sought consent to search. The officer made his request shortly after completing his check of the occupants' identification, within six minutes of initiating the stop. The trial court was authorized to find from these facts that Baker was legally detained when the officer sought the driver's consent to search.[9]

---

[6] *Sommese*, supra at 668 (1) (citation and punctuation omitted).

[7] See generally *State v. Long*, 301 Ga. App. 839, 841 (689 SE2d 369) (2010) (describing tasks of a traffic stop to include verifying driver's license, insurance and registration, completing paperwork connected with the citation or warning, and determining whether there are any outstanding arrest warrants for the driver or passengers).

[8] *Davis v. State*, 303 Ga. App. 785, 787 (694 SE2d 696) (2010) (citation omitted).

[9] See, e.g., *Long*, supra (officer's request to search vehicle, after having received and verified driver's license and insurance information and confirmed that no warrants existed for driver or passenger, did not unreasonably extend detention of driver or passenger); *Britt v. State*, 294 Ga. App. 142, 146 (2) (668 SE2d 461) (2008) (no unreasonably prolonged detention where evidence permitted trial court's inference that officer asked driver for consent to search car "immediately" after completing sobriety test during valid stop); *Wilson v. State*, 293 Ga. App. 136, 138 (666 SE2d 573) (2008) (no unreasonably prolonged detention where officer stopped writing ticket to conduct open-air search using drug detection dog; because officer had dog in patrol car, any further delay due to retrieving dog and conducting walk-around of vehicle was minimal); *Hampton v. State*, 287 Ga. App. 896, 899 (1) (652 SE2d 915) (2007) (request to search "immediately upon" officer's return to driver of license and insurance card did not extend detention). Cf. *State v. Felton*, 297 Ga. App. 35, 36-37 (676 SE2d 434) (2009) (evidence

*State v. Long*,[10] cited by Baker, does not compel a different result. The court found in that case that a request to search did *not* unreasonably extend the detention of a driver or passenger during a traffic stop, but that after the driver refused to consent to the search, an additional 20-minute detention while awaiting the arrival of a drug detection dog did unreasonably prolong the original traffic stop.[11] Here, in contrast, the driver consented to the search while Baker was still legally detained, and the search occurred shortly thereafter.

(b) A passenger has standing to contest his own illegal seizure and detention in connection with a traffic stop,[12] because the stop subjects the passenger, as well as the driver, to a seizure within the meaning of the Fourth Amendment.[13] And ''because evidence or contraband discovered in a search of the car during the traffic stop may be considered the fruits of the passenger's illegal detention, the passenger may move to suppress the evidence or contraband and thus may *indirectly* challenge the search of the car.''[14] Absent an illegal detention of a passenger, however, the passenger does not have standing to directly challenge the validity of the search of a vehicle in which he has no proprietary interest.[15] Thus, having found that Baker was not subject to an illegal detention, the trial court did not err in further concluding that Baker lacked standing to challenge the search on other grounds.

2. Baker challenges his sentence as a recidivist, arguing that three prior felony convictions should have been treated as a single conviction for sentencing under OCGA § 17-10-7. That Code section provides, in pertinent part, that ''conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction'' for purposes of sentencing

---

that officer had issued ticket and returned driver's license supported trial court's finding that traffic stop had ended and its conclusion that officer's continued detention and subsequent request to search vehicle without reasonable articulable suspicion of criminal activity exceeded the scope of a permissible investigation of the initial traffic stop).

[10] Supra.

[11] *Long*, supra at 841.

[12] *State v. Menezes*, 286 Ga. App. 280, 282 (1) (643 SE2d 741) (2007).

[13] *Brendlin*, supra at 251.

[14] *Menezes*, supra (citations omitted; emphasis supplied).

[15] See *Hyde v. State*, 275 Ga. 693, 695 (2) (572 SE2d 562) (2002) (if defendant had no proprietary interest in vehicle, nor legitimate expectation of privacy in it or its contents, defendant could not challenge its search); *Barnes v. State*, 269 Ga. 345, 348 (4) (496 SE2d 674) (1998) (defendant had no reasonable expectation of privacy in his accomplice's truck and thus lacked standing to challenge validity of accomplice's consent to search truck) (citing *Rakas v. Illinois*, 439 U. S. 128, 134 (1) (99 SC 421, 58 LE2d 387) (1978)).

thereunder.[16]

"[I]f separate offenses are charged under separate charging instruments and a defendant is sentenced under separate orders, the offenses are generally not consolidated for trial within the meaning of OCGA § 17-10-7 (d)."[17] The record reflects that on February 24, 2004, Baker pleaded guilty to various counts of entering an automobile and theft by receiving, which were alleged in three separate indictments on which three separate orders of sentence were entered. Baker urges us to follow an exception to the general rule articulated in *Stone v. State*.[18] There, we held that the trial court should have deemed two prior convictions consolidated for trial, even though the convictions involved separate charging instruments and separate orders of sentence.[19] But we based our holding in *Stone* on the fact that the offenses at issue arose from the same incident.[20] Here, in contrast, each indictment alleged crimes that occurred on different days. Nor do other facts cited by Baker in support of his claim of error — that he entered the guilty pleas and received the orders of sentence on the three convictions in a single day, and that the sentences imposed the same amount of time served for each conviction — show that his convictions were "consolidated for trial" within the meaning of the recidivist statute.[21] Accordingly, we find no error in the trial court's entry of sentence under that statute.[22]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 16, 2010 — ▮▮▮▮▮▮▮▮

*Amanda R. Gaddis*, for appellant.

---

[16] OCGA § 17-10-7 (d). This principle applies to convictions resulting from guilty pleas as well as convictions resulting from trial verdicts. See generally *Cofer v. Hopper*, 233 Ga. 155, 156 (4) (210 SE2d 678) (1974).

[17] *Stone v. State*, 245 Ga. App. 728-729 (538 SE2d 791) (2000) (footnote omitted); see *Frazier v. State*, 155 Ga. App. 683, 684 (2) (272 SE2d 548) (1980) (noting that holding in *Cofer*, supra, that prior convictions be treated as consolidated where on single date defendant entered pleas of guilty on separate charging instruments and was sentenced thereon, did not apply where court entered separate sentencing orders on each of the charging instruments).

[18] Supra.

[19] Id. at 729.

[20] Id.

[21] See *Philmore v. State*, 263 Ga. 67, 70 (6) (428 SE2d 329) (1993); *Crutchfield v. State*, 295 Ga. App. 490, 494 (672 SE2d 467) (2009); *Robinson v. State*, 232 Ga. App. 280 (2) (501 SE2d 536) (1998).

[22] See *Philmore*, supra.

*Garry T. Moss, District Attorney, Cliff Head, Lawton W. Scott, Assistant District Attorneys*, for appellee.