## 41975. ALLEN v. THE STATE.
### (330 SE2d 588)

SMITH, Justice.

Appellant, David Alexander Allen, was convicted of driving under the influence of alcohol and was sentenced to twelve months in jail, suspended upon payment of a $600 fine, and a mandatory 48 hours in jail. He raises four enumerations of error. We affirm.

Trooper Page of the state patrol pulled appellant over for driving at night without taillights. She testified at trial that at the time of the arrest, appellant's eyes were bloodshot, his breath smelled like alcohol, and he seemed unsteady on his feet. She testified that she read appellant his implied consent rights, and that he subsequently refused her request that he take a blood-alcohol test.

Appellant testified that he worked from 5:00 a.m. until 3:00 p.m. on the day he was arrested. He met a friend at a pizza restaurant at 7:00 p.m. He testified that they split a 64-ounce pitcher of beer at the restaurant before he left. He was pulled over on his way home.

Appellant claimed that he specifically requested a blood or urine test when Trooper Page read him his rights, and that she did not respond to his request. He stated at trial that upon his request for clarification she only reread the implied consent rights from a card in her hand. He testified that he was sober when he was pulled over, and

that his eyes were irritated by cigarette smoke and hay fever. He also produced a witness who testified that his taillights functioned properly on the day after his arrest.

1. Appellant claims that OCGA § 40-6-392 violates OCGA § 24-9-20 and due process, and that evidence of a refusal to take a blood-alcohol test is irrelevant, is not probative, and negates the statutory right of refusal.

a. In Georgia, the state may constitutionally take a blood sample from a defendant without his consent. *Strong v. State,* 231 Ga. 514 (202 SE2d 428) (1973). Our "Implied Consent Statute" (OCGA § 40-5-55) thus grants a suspect an opportunity, not afforded him by our constitution, to refuse to take a blood-alcohol test. OCGA § 40-6-392 and OCGA § 40-5-55 grant, rather than deny, a right to a defendant.[1]

We agree with the United States Supreme Court's view that neither choice afforded a defendant is "so painful, dangerous, or severe, or so violative of religious beliefs" that no choice actually exists. *South Dakota v. Neville,* 459 U. S. 553 (103 SC 916, 74 LE2d 748) (1983). We thus find no compulsion on behalf of the state and no violation of due process or OCGA § 24-9-20. *Wessels v. State,* 169 Ga. App. 246 (312 SE2d 361) (1983).

b. The legislature grants the right and determines its nature. By limiting the right in its creation, the legislature has not negated the right.

c. A defendant's refusal to take a blood test is certainly relevant and probative in a case such as this one. *Wessels,* supra.

2. In his second enumeration of error, appellant claims that his refusal to take a breath test should have been excluded because of Trooper Page's failure to fully inform him of his implied consent rights.

Both Page and appellant testified that she read him his rights from a card that she carried with her. Appellant claims that he requested a blood or urine test specifically, and that Page refused to explain his rights. Page testified that appellant flatly refused to take a test of any kind. The evidence supports the conclusion that Page complied with the requirements of OCGA §§ 40-6-392, 40-5-55, as interpreted by this court in *Perano v. State,* 250 Ga. 704 (300 SE2d 668) (1983).

3. Appellant contends that the trial court should have granted his motion to suppress evidence of his refusal to take the test because there was no lawful arrest here, and because Page did not read appellant his *Miranda* rights.

a. Page's testimony that appellant's taillights did not work pro-

---

[1] OCGA § 40-5-55 creates the right to refuse. OCGA § 40-6-392 defines the right.

vided evidence of probable cause to pull appellant over. Her testimony that appellant's breath smelled like alcohol, his speech was slurred, his gait was unsteady, and his eyes were red provided evidence of adequate grounds for arresting appellant for the offense of driving under the influence of alcohol. *Garrett v. State,* 146 Ga. App. 610 (247 SE2d 136) (1978). We find the arrest lawful. Cf. *Perano,* supra. See also *Schmerber v. California,* 384 U. S. 757, 768 (86 SC 1826, 16 LE2d 908) (1966).

b. We need not determine when appellant was "subjected to treatment that [rendered] him 'in custody' for practical purposes," *Berkemer v. McCarty,* 468 U. S. ___ (104 SC 3138, 82 LE2d 317, 335) (1984), as the United States Supreme Court has found a lack of coercion under facts almost identical to those in this case. *South Dakota v. Neville,* supra. The *Neville* court thus held the defendant's refusal to take a blood-alcohol test "[unprotected] by the privilege against self-incrimination." Id. at 564, 103 SC at 923. We find no error.

4. Appellant, in his final enumeration, claims that the trial court erred in allowing two witnesses to testify that he was intoxicated at the time of his arrest. We find no error. *New v. State,* 171 Ga. App. 392 (319 SE2d 542) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 11, 1985.

*Clarence L. Leathers, Jr.,* for appellant.
*Louise T. Norwood, Solicitor, J. Stratton Leedy III, Assistant Solicitor,* for appellee.