## A91A0326. LASTOHKEIN v. THE STATE.
(405 SE2d 554)

BANKE, Presiding Judge.

The appellant was convicted of trafficking in cocaine. He contends on appeal that the trial court erred in denying his motion to suppress the contraband on which the prosecution was based and in failing to give him a reduced or suspended sentence pursuant to OCGA § 16-13-31 (e) (2), based on his testimony showing that he had provided "substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals."

The appellant was stopped by a Georgia State trooper for "following too close" while traveling north on I-75 in Gordon County. As he was examining the appellant's driver's license and vehicle registration, the trooper asked him about the nature and purpose of his travel. The trooper testified that the appellant responded that he had been visiting a cousin in Atlanta and that this response aroused his (the trooper's) suspicions because it seemed inconsistent with the presence of certain items located in plain view inside the appellant's vehicle, such as a map and a clothing store bag, which suggested that he had recently been in Miami. Accordingly, after running a records check on the appellant, issuing him a warning ticket, and returning his license and vehicle registration to him, the trooper asked him if he would consent to a search of his vehicle. This occurred approximately 13 to 14 minutes into the stop. The appellant responded in the affirmative, executed a written consent document, and complied with a request by the trooper to open the trunk of his vehicle. The cocaine was seized during the ensuing search of a travel bag inside the trunk. *Held*:

1. The appellant does not challenge the legality of the initial stop but contends that he was thereafter "detained for matters unrelated to the traffic stop, and without articulable suspicion." We find this contention to be without merit. Generally speaking, "roadside questioning at a routine stop does not constitute a custodial situation." *Lebrun v. State,* 255 Ga. 406, 407 (339 SE2d 227) (1986). The appellant offered no testimony in the case, and there is nothing in the trooper's account of the events which transpired following the stop which would require a finding that the consent was coerced. Accord *Pupo v. State,* 187 Ga. App. 765, 766 (3) (371 SE2d 219) (1988); *Ra-*

*ney v. State,* 186 Ga. App. 758, 760 (368 SE2d 528) (1988). Compare *Radowick v. State,* 145 Ga. App. 231 (244 SE2d 346) (1978).

2. The appellant's testimony at the sentencing hearing did not require a finding that he had provided "substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals," so as to qualify for a reduced or suspended sentence pursuant to OCGA § 16-13-31 (e) (2). Furthermore, the statute does not by its terms require the judge to impose a reduced or suspended sentence in the event a defendant has rendered such assistance but instead merely authorizes him to do so. See generally *Brugman v. State,* 255 Ga. 407, 414 (339 SE2d 244) (1986).

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED APRIL 15, 1991.

*Bailey & Bearden, J. Lane Bearden,* for appellant.
*Darrell E. Wilson, District Attorney,* for appellee.