A92A2212. THE STATE v. MACK.
(427 SE2d 615)

JOHNSON, Judge.

Michael Leo Mack was arrested for driving under the influence of alcohol and speeding. He filed a motion to suppress evidence, which the trial court granted in part and denied in part. The court denied the motion as to statements made by Mack prior to his arrest and as to the results of a breath test taken by Mack. The court granted the motion as to an implied consent warning form signed by Mack. The form stated that Mack agreed to take a breath test requested by the arresting officer pursuant to OCGA §§ 40-5-55 and 40-6-392. The court ruled that the form was inadmissible because Mack, who was in custody at the time he signed it, had not been informed of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). The State appeals from the portion of the court's order granting the motion to suppress.

1. Mack's motion to dismiss the appeal is denied as the State may directly appeal from an order granting a motion to suppress evidence. OCGA §§ 5-7-1 (4) and 5-7-2.

2. The choice afforded a suspect under OCGA §§ 40-5-55 and 40-6-392, either to agree or refuse to take a blood-alcohol test, is not protected by the privilege against self-incrimination. *State v. Highsmith*, 190 Ga. App. 838, 839 (380 SE2d 272) (1989); *Wessels v. State*, 169 Ga. App. 246 (1) (312 SE2d 361) (1983). Because the form signed by Mack, agreeing to take a breath test, is not protected by the privilege against self-incrimination, the court erred in suppressing it based on the officer's failure to inform Mack of his *Miranda* rights.

*Judgment reversed. Pope, C. J., and Carley, P. J., concur.*

DECIDED FEBRUARY 5, 1993.

*Keith C. Martin*, Solicitor, *Leigh A. Moore*, Assistant Solicitor, for appellant.

*Alan Z. Eisenstein*, for appellee.