## A99A0273. THE STATE v. MOSES.
### (516 SE2d 807)

Judge Harold R. Banke.

After Mark Moses performed poorly on field sobriety tests, Officer Campbell placed him under arrest for DUI and read him the Implied Consent Notice set forth in OCGA § 40-5-67.1 (b). Officer Campbell requested that he submit to a breath test, to which Moses consented. Dissatisfied with the results of that test, Officer Campbell re-read Moses the "Implied Consent Notice," this time asking for a blood test. Again Moses consented, and the test was taken. At no point was Moses warned of his rights pursuant to *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

Moses moved to suppress the results of the blood test, arguing *State v. Warmack*, 230 Ga. App. 157 (495 SE2d 632) (1998), required the giving of *Miranda* warnings before requesting additional chemical tests. Granting the motion, the court held that a subsequent amendment to OCGA § 40-5-67.1 did not change this holding of *Warmack*. The State appeals. *Held*:

No *Miranda* warnings are constitutionally required prior to requesting a blood-alcohol test under the implied consent statute. *Allen v. State*, 254 Ga. 433, 434 (3) (330 SE2d 588) (1985); see *State v. Mack*, 207 Ga. App. 287 (2) (427 SE2d 615) (1993). Because the right to refuse a blood test is granted by statute, the legislature may limit the nature of that right. *Allen*, supra, 254 Ga. at 434 (1) (b).

Referencing the chemical tests available under the Implied Consent Statute (OCGA § 40-5-55), OCGA § 40-5-67.1 (a) originally provided that a law enforcement officer suspecting a DUI violation could request a chemical test by designating "which test shall be administered, provided that the officer shall require a breath test or a blood test and may require a urine test." Based on this language, *Warmack*, supra, 230 Ga. App. at 158, held that to avoid losing his license an individual only had to submit to a breath test or a blood test, not to both. "Once the arresting officer designates the test, the statute provides no authority for making another selection when the officer becomes dissatisfied with the results of the State test." Id. *Warmack* held under Georgia law that although *Miranda* warnings were not required before requesting the initial test, they were required before requesting additional tests. Id. at 158-159; see generally *McKeown v. State*, 187 Ga. App. 685, 686 (1) (371 SE2d 243) (1988) (an officer may request additional tests).

Effective March 27, 1998, the legislature amended OCGA § 40-5-67.1 (a) to provide that "the requesting law enforcement officer shall designate which test or tests shall be administered initially and may subsequently require a test or tests of any substances not initially tested." Ga. L. 1998, p. 210, § 2. Moses' incident took place on May 19, 1998. Because officers are now authorized to require subsequent tests, the statutory underpinnings of *Warmack*'s conclusion have fundamentally changed. But its rationale is extant. Just as *Miranda* warnings were not necessary before requesting the initial test which an officer could require before the amendment, so *Miranda* warnings are not necessary before requesting additional tests, now that the amendment authorizes an officer to require them.

The court erred in granting the motion to suppress.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED APRIL 27, 1999.

*S. James Tuggle, Solicitor*, for appellant.
*Allen M. Trapp, Jr.*, for appellee.