## A08A1126. EIDMAN v. THE STATE.
### (671 SE2d 292)

RUFFIN, Presiding Judge.

Joseph Brian Eidman pled guilty to trafficking in cocaine and driving with a suspended license. He contends on appeal that the trial court erred in failing to sentence him below the mandatory minimum pursuant to OCGA § 16-13-31 (g) (2) based on his substantial assistance to the police in identifying his drug supplier and in arranging a subsequent controlled drug buy. For reasons that follow, we affirm.

The facts in this case are not in dispute. In August 2005, DeKalb County police arrested Eidman after their observation of his involvement in a controlled drug buy and a search of his vehicle, which yielded two ounces of cocaine. Eidman was charged with trafficking in cocaine and driving with a suspended license, and he entered a guilty plea to both counts. Thereafter, Eidman sought a reduced sentence, contending that he provided substantial assistance to the authorities by cooperating with the police at the time of his arrest, including giving a written statement in which he admitted that he purchased the cocaine from a supplier with the intention of selling it to another. He also led police to the supplier's apartment complex in Gwinnett County,[1] and, in September 2006, he acted as a confidential informant for the police, resulting in the apparent arrest and conviction of another individual for the sale of 5.7 grams of cocaine.

At the conclusion of the plea hearing, the trial court declined to reduce Eidman's sentence pursuant to OCGA § 16-13-31 (g) (2) and sentenced him to fifteen years incarceration, with ten years to serve. Eidman's sole enumeration on appeal is that the trial court erred in failing to reduce his sentence.

The State argues that Eidman waived his challenge to the sentence because he voluntarily entered the plea after the trial court specifically advised him that it would impose a sentence of fifteen

---

[1] Apparently, the dealer was not arrested.

years with ten to serve. Pretermitting whether Eidman waived this argument, however, it affords no basis for reversal.

Pursuant to OCGA § 16-13-31 (a) (1) (A), where, as here, "the quantity of the cocaine or the mixture involved is 28 grams or more, but less than 200 grams, the person shall be sentenced to a mandatory minimum term of imprisonment of ten years and shall pay a fine of $200,000.00." The statute also provides, however, that a trial court "*may* impose a reduced or suspended sentence" if it determines that the defendant has provided "substantial assistance in the identification, arrest, or conviction of any of his accomplices, accessories, coconspirators, or principals."[2]

At the conclusion of the sentencing hearing, the trial court rejected Eidman's request for a reduced sentence, concluding that it "did not interpret what was being offered as being . . . substantial assistance, as far as bringing in an associate or a co-defendant or anything of that nature, or a supplier." We find no error. OCGA § 16-13-31 (g) (2) "does not by its terms *require* the judge to impose a reduced or suspended sentence in the event a defendant has rendered such assistance[,] but instead merely *authorizes* him to do so."[3] Here, the trial court exercised its discretion and concluded, based on the evidence presented at the sentence hearing, that Eidman's actions did not constitute "substantial assistance" sufficient to justify a reduced sentence below the mandatory minimum.[4]

Eidman's reliance on *State v. Carden*[5] is misplaced. In *Carden*, we held that the trial court was *authorized* to impose a sentence below the mandatory minimum for methamphetamine trafficking where Carden assisted the authorities by consenting to a search of her vehicle, giving a written statement acknowledging that she intended to sell the drugs, and revealing the name and location of her supplier.[6] We did not hold, however, that the trial court was *required* to reduce her sentence.[7]

Eidman's remaining assertions are not supported by the record. First, he argues that the trial court erred in holding that it was not authorized to impose a reduced sentence unless the State moved for the reduction. At the plea hearing, although the prosecutor erroneously asserted that only the State could request a reduction under the statute, defense counsel correctly advised that the defendant was

---

[2] (Emphasis supplied.) OCGA § 16-13-31 (g) (2).

[3] (Emphasis supplied.) *Lastohkein v. State*, 199 Ga. App. 555, 556 (2) (405 SE2d 554) (1991). See generally *Brugman v. State*, 255 Ga. 407, 414 (5) (c) (339 SE2d 244) (1986).

[4] See *Lastohkein*, supra.

[5] 281 Ga. App. 886 (637 SE2d 493) (2006).

[6] See id. at 889-890 (1).

[7] See id.

also authorized to request a reduction.[8] Moreover, the trial court clearly considered Eidman's request for a reduction and then denied it based on the evidence presented.

Eidman also contends that the trial court erred in holding that it was not authorized to depart from the mandatory minimum pursuant to OCGA § 16-13-31 (g) (2) because: (1) Eidman's assistance did not result in the arrest of his supplier; (2) his subsequent assistance unrelated to his arrest could not constitute substantial assistance under the statute; and (3) his assistance did not involve a sufficient drug weight. But Eidman misconstrues the ruling. The trial court did not state that it was not authorized to reduce the sentence. Instead, the court indicated that it did not interpret Eidman's actions as "substantial assistance" sufficient to justify a reduction. We therefore affirm the sentence imposed by the trial court.

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED SEPTEMBER 26, 2008 —
RECONSIDERATION DENIED DECEMBER 16, 2008.

*Manchel, Wiggins & Kaye, Howard J. Manchel, Sanford A. Wallack*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.

---

[8] See *Brugman*, supra at 414-415 (5) (c) ("[W]here any person is convicted under OCGA § 16-13-31, and provides 'substantial assistance' to the authorities as contemplated by the statute, this information may be brought to the attention of the sentencing court by motion of either the district attorney or the defendant, or the sentencing court may make its own inquiry into the matter.").