## A08A1817. THE STATE v. FELTON.
### (676 SE2d 434)

BARNES, Judge.

The State appeals from the trial court's order granting Marquis G. Felton's motion to suppress marijuana found by police during a traffic stop.[1] The State contends that the trial court erred in granting Felton's motion upon finding that the officer impermissibly expanded the scope of the traffic stop even after being given consent to search. Discerning no error, we affirm.

> When an appellate court reviews a trial court's order concerning a motion to suppress evidence, the appellate court should be guided by three principles with regard to the interpretation of the trial court's judgment of the facts. First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence

---

[1] The State may directly appeal from an order granting a motion to suppress evidence. OCGA §§ 5-7-1 (a) (4); 5-7-2; *State v. Mack*, 207 Ga. App. 287 (1) (427 SE2d 615) (1993).

are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support it. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

(Citation and punctuation omitted.) *Castillo v. State*, 232 Ga. App. 354, 355-356 (502 SE2d 261) (1998).

The facts presented at the motion to suppress hearing show that an officer with the Fayette County Police Department stopped a car in which Felton was a passenger after observing that the driver was not wearing his seatbelt.[2] The officer testified that the driver's hands were shaky and that he had "visible eye tremors." The officer "got the driver's license and went back to [his] vehicle and completed a citation for a seatbelt violation." He returned to the car, asked the driver to exit the car, gave him a copy of the seatbelt violation, and asked him for consent to search the car. The officer testified that he asked for consent to search because of the driver's nervousness and because the driver and Felton "were turning around looking at me when I was issuing the citation." The driver consented, and the officer then asked Felton to leave the car, and after getting his consent, patted him down. The officer then searched the car and retrieved a potato chip bag containing marijuana. Felton said that the bag belonged to him.

Felton filed a motion to suppress the marijuana contending that the initial stop was not justified, and that police impermissibly exceeded the scope of the initial stop. After the hearing on the motion, the trial court granted it, finding that

the officer did request consent, and I find that the consent was given and it was freely and voluntary. I think these two young men were at that time afraid not to consent to anything as corroborated by their extensive nervousness. But I still find that the traffic stop had ended, the ticket had been issued and the license returned. There was not sufficient evidence to warrant an expansion of the stop at that time to request a search.

We agree.

Although the State argues that the officer could continue the

---

[2] For the duration of a traffic stop, a police officer effectively seizes the driver and all passengers. *Brendlin v. California*, 551 U. S. 249, 255 (127 SC 2400, 168 LE2d 132) (2007).

detention after the conclusion of the traffic stop based on the consent, "[i]t is well settled that if the officer *continues to detain* the subject after the conclusion of the traffic stop and interrogates him or seeks consent to search without reasonable suspicion of criminal activity, the officer has exceeded the scope of a permissible investigation of the initial traffic stop." (Punctuation and footnote omitted.) *Bennett v. State*, 285 Ga. App. 796, 798 (648 SE2d 126) (2007). It is the "unsupported 'additional detention,' not police questioning, [which] constitutes the Fourth Amendment violation." *Evans v. State*, 262 Ga. App. 712, 715 (1) (a) (586 SE2d 400) (2003).

Here, there is no evidence that at any point in this encounter did the encounter become consensual. Specifically, at no point in time did it appear that the men were free to go about their business. It was evident that even after the traffic stop ended the men were not free to go because the officer had the driver exit the car before giving him the citation, and at that point asked him for consent to search. The trial court found, and we agree, that the "traffic stop had ended, the ticket had been issued and the license returned" before consent was given. Compare *Salmeron v. State*, 280 Ga. 735 (1) (632 SE2d 645) (2006) (officer asked for consent to search before purpose of stop was fulfilled which was permissible).

> [T]o pass muster under the Fourth Amendment, the continued questioning of a driver and passengers outside the scope of a valid traffic stop is permissible only when the officer has a reasonable articulable suspicion of illegal activity or when the valid traffic stop has become consensual. A consensual encounter requires the voluntary cooperation of a private citizen with noncoercive questioning by a law enforcement official. Because the individual is free to leave at any time during such an encounter, he is not "seized" within the meaning of the Fourth Amendment. In looking to the totality of the circumstances to determine whether a reasonable person would have felt free to leave, three important factors have been given particular scrutiny: (a) whether the driver's documents have been returned to him; (b) whether the officer informed the driver that he was free to leave; and (c) whether the driver appreciated that the traffic stop had reached an endpoint.

*State v. Connor*, 288 Ga. App. 517, 519 (654 SE2d 461) (2007).

Thus, since Felton's consent was not within the scope of the original traffic stop, nor consensual, the consent to search the vehicle was the product of an illegal detention, and "it was not valid and the evidence obtained as a result of the illegal search was rightfully

suppressed. We affirm the trial court's grant of the motion to suppress." *State v. Connor*, supra, 288 Ga. App. at 520.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 26, 2009.

*Jamie K. Inagawa, Solicitor-General, Joseph B. Myers, Jr., Assistant Solicitor-General*, for appellant.

*Kevin F. Duda, George C. Creal, Jr.*, for appellee.