## A10A0605. DAVIS v. THE STATE.
(694 SE2d 696)

ELLINGTON, Judge.

Following a bench trial, the Superior Court of Gordon County found David Davis guilty beyond a reasonable doubt of possession of marijuana with intent to distribute, OCGA § 16-13-30 (j). Davis appeals, contending the trial court erred in denying his motion to suppress the marijuana, which was found in his car during a traffic stop. For the reasons explained below, we affirm.

> On appeal from a ruling on a motion to suppress, we must construe the evidence most favorably to affirming the trial court's factual findings and judgment. We accept the trial court's factual and credibility determinations unless they are clearly erroneous, and the factual findings will be upheld if they are supported by any evidence. The trial court's application of the law to undisputed facts, however, is subject to a de novo standard of review.

---

[33] *Troutman v. State*, 297 Ga. App. 196, 198 (2) (676 SE2d 836) (2009).

[34] *Diaz v. State*, 275 Ga. App. 557, 559 (621 SE2d 543) (2005).

(Citation and punctuation omitted.) *Peterson v. State,* 294 Ga. App. 128, 129 (1) (668 SE2d 544) (2008).

On September 13, 2005, a state trooper who was monitoring traffic on I-75 initiated a traffic stop of the vehicle Davis was driving, based on a suspected violation of OCGA § 40-8-73.1 (b) (2), which limits the tint allowed on a vehicle's rear windshield or door windows. The trooper used a window tint meter to confirm that Davis's car violated OCGA § 40-8-73.1 (b) (2). Because Davis was a Tennessee resident, and because the window tint was not extremely dark, the trooper decided to issue Davis a warning rather than a citation. The trooper had a hunch that "there was a problem with the situation," because Davis was sweating profusely and acting very nervous, and because his responses to general questions about his route that day conflicted with those of his passenger. The trooper explained to Davis that he would issue a warning and went back to his patrol car, where he called for backup. A K-9 handler who was nearby responded to the trooper's call for backup and arrived before the trooper finished writing the warning.

Eight minutes after stopping Davis, the trooper gave him the written warning, his driver's license, and insurance card and told him that he was free to go. Without pausing, the trooper asked Davis if he had any drugs or other illegal contraband in his car; Davis answered that he did not. The trooper asked Davis if he could search the car. After Davis responded, "I guess," the trooper filled out a voluntary consent to search form and read it to Davis. Among other information, the trooper advised Davis that he had the right to refuse the search of his vehicle. Davis responded, "Y'all are going to search it whether I say yes or no," and then signed the form. The trooper removed the keys from the ignition. The K-9 handler took the drug detection dog to the car, and the dog signaled that it detected contraband in the vehicle. The trooper then found over four pounds of marijuana in the car.

Davis contends that the trooper continued to detain him after the purpose of the traffic stop, that is, the investigation of the window tint violation, was fulfilled. As a result, Davis contends, his purported consent to the search of his car arose from an illegal detention, and the trial court erred in denying his motion to suppress the evidence seized during the ensuing search.

"The Fourth Amendment protects a person's right to be secure against unreasonable searches and seizures. The touchstone of the Fourth Amendment is reasonableness." (Citation and punctuation omitted.) *Sommese v. State*, 299 Ga. App. 664, 668 (1) (683 SE2d 642) (2009). In order to pass constitutional muster, the duration of a traffic stop cannot be unreasonably prolonged beyond the time required to fulfill the purpose of the stop. Id. A reasonable time to

conduct a traffic stop includes the time necessary to verify the driver's license, insurance, and registration, to complete any paperwork connected with the citation or a written warning, and to run a computer check for any outstanding arrest warrants for the driver or the passengers. Id. at 669 (1) (b).

"[O]nce the purpose of [a traffic] stop has been fulfilled, [any] continued detention of the car and the occupants amounts to a second detention." (Punctuation and footnote omitted.) *McKnight v. State*, 296 Ga. App. 38, 40 (673 SE2d 573) (2009). Such a second detention is reasonable, and therefore constitutional, where "the officer has a reasonable articulable suspicion of other illegal activity or [where] the valid traffic stop has de-escalated into a consensual encounter." (Citation and punctuation omitted.) *Sommese v. State*, 299 Ga. App. at 668 (1).[1] In addition, although a driver's consent to search given pursuant to a request made after the driver has been detained for an unreasonable time is not a valid consent,[2] we have held that, where an officer requests consent to search contemporaneously, or nearly so, with the moment the purpose of a traffic stop is fulfilled, a trial court is authorized to conclude that the request did not unreasonably prolong the detention. *Hayes v. State*, 292 Ga. App. 724, 731 (2) (665 SE2d 422) (2008) (affirming denial of the defendant's motion to suppress where trial court concluded that the officer requested the defendant's consent to search 30 seconds after returning the defendant's paperwork and issuing him a warning ticket for speeding).[3] As in *Hayes v. State*, it is undisputed in this case that the trooper asked Davis for his consent to search his car immediately after giving him his documents and warning ticket. Consequently, we will defer to the trial court's determination, after assessing witness credibility and considering the totality of the circumstances, that the trooper's request to search did not unreasonably prolong Davis's detention. Id. at 729 (2).

*Judgment affirmed. Andrews, P. J., and Doyle, J., concur.*

---

[1] See also *State v. Felton*, 297 Ga. App. 35, 37 (676 SE2d 434) (2009) ("[I]f the officer continues to detain the subject after the conclusion of the traffic stop and interrogates him or seeks consent to search without reasonable suspicion of criminal activity, the officer has exceeded the scope of a permissible investigation of the initial traffic stop.") (citation, punctuation and emphasis omitted).

[2] *McKnight v. State*, 296 Ga. App. at 40 ("[C]onsent given pursuant to a request made after the motorist has been detained for an unreasonable time is not a valid consent and contraband found during a subsequent search is the fruit of the poisonous tree.") (punctuation and footnote omitted).

[3] See *Salmeron v. State*, 280 Ga. 735, 736 (1) (632 SE2d 645) (2006) (The Fourth Amendment does not prohibit an officer, during a valid investigative stop of a vehicle, from asking the driver and any passengers questions that are unrelated to the purpose of the stop, including asking for consent to search.); *State v. Felton*, 297 Ga. App. at 37 ("It is the unsupported additional detention, not police questioning, which constitutes the Fourth Amendment violation.") (citation and punctuation omitted).

DECIDED MARCH 31, 2010 —
RECONSIDERATION DENIED APRIL 16, 2010 —

*Lance D. Dutton*, for appellant.

*T. Joseph Campbell, District Attorney, Richard A. Hull, Assistant District Attorney*, for appellee.