A10A1302. DAVIS v. THE STATE.
(702 SE2d 14)

MILLER, Chief Judge.
Following a stipulated bench trial, Angela K. Davis was found guilty of possession of methamphetamine (OCGA § 16-13-30). Davis appeals the trial court's denial of her motion to suppress, arguing that (1) her consent to search the vehicle was the product of an illegal detention, and (2) her consent was not freely and voluntarily given. Discerning no error, we affirm.

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citation omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

In light of these principles, we review the evidence presented at the suppression hearing. On January 20, 2009, Officer Robert J. Stanfield of the Calhoun Police Department observed a green Cavalier with a tag number matching the description of a vehicle reported

as connected with drug activities in Calhoun. After the vehicle ran a red light, the officer stopped it. The officer approached the vehicle driven by Davis, obtained her driver's license, explained his reason for the stop, and indicated that he would give her a warning ticket. The officer recognized Davis's passenger as an individual he stopped two weeks before, who was on probation and lived in a neighborhood known for drug activity. In his patrol vehicle, the officer wrote up the warning ticket, ran a computer check on Davis's driver's license, and called for a backup officer and a K-9 drug dog handler.[1] After the officer asked Davis to exit her vehicle, he gave her the written warning, returned her driver's license, and advised her that she was free to go. As he did so, the officer asked Davis if she was aware that the area was known for high drug activity, and Davis indicated that she was and that she worked at a nearby store. Thereafter, Davis consented to the officer's request to search her vehicle. In the search of the vehicle that followed, methamphetamine was found in Davis's purse, which Davis had left inside her vehicle. The trial court admitted a DVD of the traffic stop into evidence.[2]

The trial court denied the motion to suppress, finding that Davis voluntarily consented to the search of the vehicle.

1. Davis contends that her consent to search was invalid as the product of an illegal detention following a valid traffic stop. We disagree.

"To pass muster under the Fourth Amendment, the continued questioning of a driver . . . outside the scope of a valid traffic stop is permissible only when the officer has a reasonable articulable suspicion of illegal activity *or when the valid traffic stop has become consensual*." (Citation and punctuation omitted; emphasis supplied.) *State v. Felton*, 297 Ga. App. 35, 37 (676 SE2d 434) (2009). The Supreme Court of the United States has repeatedly ruled that "mere police questioning does not constitute a seizure. . . . [Unless] the detention was prolonged by the questioning, there [is] no additional seizure within the meaning of the Fourth Amendment." (Citations and punctuation omitted.) *Muehler v. Mena*, 544 U. S. 93, 101 (125 SC 1465, 161 LE2d 299) (2005).

Here, the duration of the brief traffic stop was approximately seven minutes. After returning Davis's driver's license and issuing

---

[1] The record does not indicate at what point during the traffic stop the backup officer or the K-9 drug dog arrived on the scene.

[2] A copy of the DVD recording the traffic stop was included in the record on appeal; however, it does not include the time stamps referred to by counsel in their appellate briefs. Further, the recording is not complete. Since the material facts are undisputed, we need not rely on the DVD in reaching our decision.

the warning ticket, the officer told Davis that she was free to leave.[3] Although Davis argues that the State failed to show that the officer returned Davis's license before asking for consent to search, the officer indicated that he "was sure he did." Upon receiving her license and warning ticket, a reasonable person would have concluded that the traffic stop had ended. In this case, however, Davis remained on the scene and engaged in casual conversation about the high level of drug activity in the area and the fact that she worked nearby. Her conduct showed that she did not feel intimidated by the officer's presence. Under the circumstances, the initial traffic stop had de-escalated into a consensual encounter. Compare *State v. Connor*, 288 Ga. App. 517, 519-520 (654 SE2d 461) (2007) (trial court's finding of continued unlawful detention upheld where officer did not issue citation to driver until he questioned passenger and did not return passenger's license until he questioned driver and passenger about their itineraries). Further, since the request to search occurred almost contemporaneously with the conclusion of the traffic stop, it did not unreasonably prolong the stop. *Davis v. State*, 303 Ga. App. 785, 787 (694 SE2d 696) (2010) ("where an officer requests consent to search contemporaneously, or nearly so, with the moment the purpose of a traffic stop is fulfilled, a trial court is authorized to conclude that the request did not unreasonably prolong the detention") (citation omitted); *Hayes v. State*, 292 Ga. App. 724, 730 (2) (e) (665 SE2d 422) (2008) (officer's request for consent to search 30 seconds after issuing a warning ticket did not unreasonably prolong the detention). As such, Davis's consent to search the vehicle was not the product of an illegal detention.

To the extent Davis argues that *Felton*, supra, requires a different result, we disagree. In *Felton*, after the traffic stop had concluded, but before consent was given, the officer issued the ticket to Felton and returned his license. We held that, because Felton's consent "was not within the scope of the original traffic stop, nor consensual, the consent to search the vehicle was the product of an illegal detention." *Felton*, supra, 297 Ga. App. at 37. Unlike *Felton*, there was evidence in this case that, following the conclusion of the traffic stop, the encounter had become consensual.

2. Davis argues that her consent to search was not freely and voluntarily given. We are not persuaded.

---

[3] In determining whether a reasonable person would have felt free to leave, we examine the totality of the circumstances and focus on three key factors: "(a) whether the driver's documents have been returned to him; (b) whether the officer informed the driver that he was free to leave; and (c) whether the driver appreciated that the traffic stop had reached an endpoint." (Citation and punctuation omitted.) *Felton*, supra, 297 Ga. App. at 37.

"[T]he State has the burden of proving that the consent was freely and voluntarily given under the totality of the circumstances." (Citations and punctuation omitted.) *Sommese v. State*, 299 Ga. App. 664, 671 (2) (683 SE2d 642) (2009). "The crucial test is whether . . . the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business." (Citations and punctuation omitted.) *State v. McMichael*, 276 Ga. App. 735, 739-740 (1) (624 SE2d 212) (2005).

Here, the officer requested consent to search, which Davis readily provided. There is no evidence that the officer coerced Davis's consent, tricked her, or conveyed a message that her consent to search was required. See *Florida v. Bostick*, 501 U. S. 429, 435 (II) (111 SC 2382, 115 LE2d 389) (1991) (officers may "request consent to search . . . as long as the police do not convey a message that compliance with their requests is required") (citation omitted). Thus, the totality of the circumstances supports the trial court's determination that Davis freely and voluntarily consented to the search of the vehicle. See *Lastohkein v. State*, 199 Ga. App. 555 (1) (405 SE2d 554) (1991) (search based on voluntary consent was upheld where officer's uncontroverted account of events of traffic stop lasting 14 minutes in duration failed to indicate that the consent was coerced).

Accordingly, the trial court did not err in denying Davis's motion to suppress.

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 23, 2010.

Lance D. Dutton, for appellant.
T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney, for appellee.